## UNITED STATES DISTRICT COURT FOR THE
## NORTHERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| **JACKSON PETER CHIWANGA,** ) | |
| ) | |
| **Petitioner,** ) | |
| ) | |
| **v.** ) | **Case No. 23-CV-0141-CVE-JFJ** |
| ) | |
| **GENTNER F. DRUMMOND, Oklahoma** ) | |
| **Attorney General,** ) | |
| ) | |
| **Respondent.** ) | |

## <u>OPINION AND ORDER</u>

Petitioner Jackson Peter Chiwanga, appearing pro se, seeks a petition for writ of habeas corpus, under 28 U.S.C. § 2254, to challenge the validity of the judgment entered against him in Tulsa County District Court Case No. CF-2018-2352.   Dkt. # 1.   Respondent Gentner F. Drummond moves to dismiss the petition, asserting (1) this Court lacks jurisdiction to adjudicate the petition because Chiwanga is no longer "in custody" under the challenged judgment, as required by 28 U.S.C. § 2254(a), and (2) that if this Court has jurisdiction, 28 U.S.C. § 2244(d)(1)'s one-year statute of limitations bars relief.   Dkt. ## 6, 7.   In response to the motion to dismiss, Chiwanga contends (1) that he satisfies the "in custody" requirement and (2) that the petition is timely.   Dkt. # 10.   In the alternative, Chiwanga urges the Court to construe his petition as a petition for a writ of coram nobis if the Court determines that he cannot obtain relief under § 2254.   <u>Id.</u>   For the following reasons, the Court finds and concludes that it lacks jurisdiction to adjudicate the petition, regardless of whether Chiwanga seeks a writ of habeas corpus or a writ of coram nobis.   The Court therefore grants respondent's motion and dismisses the petition.

## I.      Background

On September 25, 2019, Chiwanga, represented by counsel and without the benefit of a plea agreement, pleaded guilty, in Tulsa County District Court Case No. CF-2018-2352, as to: (1) assault and battery on a police officer; (2) domestic assault and battery by strangulation; (3) resisting an officer; (4) obstructing an officer; and (5) domestic assault and battery.   Dkt. # 7-1.   On November 26, 2019, the trial court sentenced Chiwanga to a three-year term of imprisonment as to each of the first two convictions and a one-year jail term as to each of the remaining convictions.   Dkt. # 7-2.   The trial court suspended all sentences and ordered them to be served concurrently.   Id.   Chiwanga was advised of, and acknowledged in writing, (1) that he had a right to appeal his convictions and sentences, and (2) that "his plea of guilty/no contest in this case makes it very likely (automatic for many crimes) that he will be deported from the United States."   Dkt. # 1, at 39; Dkt. # 7-1, at 7-8.   Chiwanga did not move to withdraw his guilty plea or file a direct appeal within the time permitted under state law.   Dkt. # 1, at 2, 39.

On August 20, 2021, after Chiwanga served twenty-one months on probation, a Notice of Termination of Active Probation Supervision was filed in Tulsa County District Court.   Dkt. # 1, at 48.   About five days later, the United States Immigration Customs and Enforcement ("ICE") detained Chiwanga, and the Department of Homeland Security ("DHS") notified him that he was removable based on one or more of his November 2019 convictions.   Id.; Dkt. # 7-3, at 1.

On March 30, 2022, Chiwanga filed a letter in Tulsa County District Court asking the trial court to "reconsider the decision entered in [his] judgment and sentencing on the day of November 26, 2019."   Dkt. # 7-3, at 1.   In the letter, Chiwanga explained that ICE detained him on August 25, 2021, pending removal proceedings.   Id. at 1.   Chiwanga also noted that he had been

"sentenced to [p]robation for 3 years; being 2 years of supervised probation and 1 year of unsupervised probation" and that he had been detained by ICE "as [he] was coming into the final year of [his] unsupervised probation sentence." Id.  Chiwanga asserted that "the lack of proper legal advice and direction resulted in [him] choosing what [he] believed to be an 'Immigration Safe Plea,'" and he asked the trial court to "take into consideration the full extent of [his] circumstances and nature of his situation, and [to] grant [him] a [p]ost-conviction sentencing." Id. at 2.   The trial court construed the letter as an application for postconviction relief and denied the application on April 25, 2022.   Dkt. # 7-5.   Chiwanga subsequently filed a motion to reconsider.   Dkt. # 7-7.   The trial court granted the motion, reconsidered his request for postconviction relief, and issued an order on June 6, 2022, again denying his application for postconviction relief.   Dkt. ## 7-7, 7-8.   Chiwanga attempted a postconviction appeal, and the Oklahoma Court of Criminal Appeals ("OCCA") declined jurisdiction and dismissed the appeal, finding that he did not comply with the OCCA's procedural rules for perfecting that appeal.   Dkt. # 7-9, at 4-5.   Chiwanga later filed a second application for postconviction relief and a separate application seeking leave from the trial court to file a direct appeal out of time, and the trial court denied both forms of relief.   Dkt. ## 7-10, 7-11, 7-13.   Chiwanga appealed the trial court's decisions and, on February 7, 2023, the OCCA affirmed the district court's rulings.   Dkt. # 7-14.

Chiwanga filed the instant petition on April 4, 2023, identifying two grounds for relief. Dkt. # 1, at 5, 7, 15.   First, he claims he was denied his Sixth Amendment right to the effective assistance of counsel because his plea counsel "wrongly advised that by pleading guilty to a suspended sentence," Chiwanga "will not be subjected to removal proceedings."   Id. at 5. Second, he claims he was denied his Fourteenth Amendment right to due process because his

"guilty plea was not voluntarily and intelligently entered" and was instead "coerced on advice that [he] will not be deported." Id. at 7. Chiwanga indicates in the petition that he presented both claims in state court through postconviction proceedings. Id. at 3-8.

## II. Jurisdiction

Respondent contends, in part, that this Court lacks jurisdiction to adjudicate Chiwanga's § 2254 petition because Chiwanga is no longer in custody under the state-court judgment he seeks to challenge. Dkt. # 7, at 8-9. Chiwanga urges the Court to find that he is in custody for two reasons: (1) because he was still "under probation or custody for the underlying offense" when he filed the letter in Tulsa County District Court, on March 30, 2022, that the trial court construed as his first application for postconviction relief and the instant habeas petition "is merely an extension of his [application for] post-conviction relief"; and (2) because "a person facing removal for the underlying conviction such as the petitioner in this case should be deemed to be in custody." Dkt. # 10, at 2-3, 6-8. In the alternative, Chiwanga suggests that if he is not in custody for purposes of seeking habeas relief under § 2254, the Court should construe his petition as seeking a writ of coram nobis. Id. at 3 & n.2, 8.

For two reasons, the Court finds and concludes that it lacks jurisdiction to adjudicate the petition.[1] First, to the extent Chiwanga seeks a writ of habeas corpus under § 2254, the Court agrees with respondent that Chiwanga was not in custody under the challenged judgment when he filed the instant petition. Dkt. # 7, at 8. Section 2254 authorizes federal courts to "entertain an application for a writ of habeas corpus in behalf of a person in custody pursuant to a judgment of

---

[1] Because the Court concludes that it lacks jurisdiction to adjudicate the petition, the Court does not address respondent's argument that 28 U.S.C. § 2244(d)(1)'s statute of limitations bars relief.

a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States."   28 U.S.C. § 2254(a).   But "[t]he 'in custody' language of § 2254 is jurisdictional and requires habeas petitioners to be 'in custody' under the conviction or sentence under attack when they file the petition."   Broomes v. Ashcroft, 358 F.3d 1251, 1254 (10th Cir. 2004), abrogated on other grounds, Padilla v. Kentucky, 559 U.S. 356 (2010).   See also Maleng v. Cook, 490 U.S. 488, 490-91 (1989) ("We have interpreted the statutory language as requiring that the habeas petitioner be 'in custody' under the conviction or sentence under attack at the time his petition is filed."); McCormick v. Kline, 572 F.3d 841, 848 (10th Cir. 2009) ("Section 2254's in-custody requirement is jurisdictional.").   And, "once a prisoner's sentence expires, he is no longer 'in custody' under that conviction sufficient for the court to exercise jurisdiction to hear a habeas petition under § 2254."   Broomes, 358 F.3d at 1254 (citing Maleng, 490 U.S. at 492).[2] Here, the record supports respondent's view that Chiwanga's sentences expired, at the latest, on November 26, 2022, just over four months before he filed the instant petition on April 4, 2023. And, contrary to Chiwanga's arguments, neither the fact that filed his first application for postconviction relief in March 2022, before he completed his final year of probation, nor the fact that he was in ICE custody awaiting a final removal determination when he filed the instant petition (either as a direct or collateral consequence of his 2019 convictions) satisfies the jurisdictional in-

---

[2] The Broomes Court recognized that "[t]he only exceptions" permitting a court to hear a § 2254 petition after the petitioner's sentence has expired "exist when:   1) counsel is not appointed in violation of the Sixth Amendment; or 2) no channel of review is available through no fault of the petitioner."   358 F.3d at 1254.   Chiwanga does not argue, and the record does not show, that either exception would apply under the circumstances of his case.   Specifically, Chiwanga was represented by counsel when he entered his guilty plea, and he was advised that he could move to withdraw his plea and file a direct appeal, but he did neither.   In addition, the record shows that postconviction review was available to Chiwanga, even if he did not obtain the relief he sought.

custody requirement.   See Maleng, 490 U.S. at 492 (holding that "once the sentence imposed for a conviction has completely expired, the collateral consequences of that conviction are not themselves sufficient to render an individual 'in custody' for the purposes of a habeas attack upon it"); Broomes, 358 F.3d at 1254 (rejecting a habeas petitioner's "attempt to overcome the 'in custody' requirement by carving out a new exemption, excusing the requirement for those who, like [the petitioner] were diligently pursuing state court relief when their convictions or sentences expired" and holding that the petitioner was "not currently 'in custody pursuant to a judgment of a State court,' but rather [was] in federal custody awaiting a final removal determination by the Immigration and Naturalization Service").   Like the petitioner in Broomes, Chiwanga is not "in custody" because he filed the instant § 2254 petition after his sentence expired and while he was in ICE custody awaiting a final removal determination.   Broomes, 358 F.3d at 1254.   Thus, like the petitioner in Broomes, Chiwanga "is not entitled to review under § 2254."   Id.

Second, to the extent Chiwanga asks this Court to construe his petition as seeking a writ of coram nobis (or coram vobis), this Court cannot issue that writ with respect to a state-court judgment.   "A petition for a writ of coram nobis provides a way to collaterally attack a criminal conviction for a person . . . who is no longer 'in custody' and therefore cannot seek habeas relief under 28 U.S.C. § 2255 or § 2241."   Chaidez v. United States, 568 U.S. 342, 345 n.1 (2013).   But "[i]t has long been settled in this circuit that federal courts have no jurisdiction to issue writs of coram nobis with respect to state criminal judgments."   Rawlins v. Kansas, 714 F.3d 1189, 1196 (10th Cir. 2013) (quoting Davis v. Roberts, 425 F.3d 830, 836 (10th Cir. 2005)).   Thus, "[b]ecause [this Court] did not pronounce the judgment against" Chiwanga that he claims is subject to

collateral attack, this Court "has no power to reexamine [his] conviction through a writ of coram nobis."   Id.

## III.   Conclusion

For the reasons just discussed, the Court concludes that it has no jurisdiction to consider Chiwanga's petition, regardless of whether the Court construes it as a petition for a writ of habeas corpus under § 2254 or a petition for a writ of coram nobis.   The Court therefore grants respondent's motion and dismisses Chiwanga's petition, without prejudice.   Further, because the Court concludes that the jurisdictional bar is not reasonably debatable, the Court declines to issue a certificate of appealability.   28 U.S.C. § 2253(c); Slack v. McDaniel, 529 U.S. 473, 484 (2000). Lastly, the Court dismisses as moot Chiwanga's motion to expedite 2254/petition for writ of error coram nobis, filed November 13, 2023 (Dkt. # 12).

**IT IS THEREFORE ORDERED** that respondent's pre-answer motion to dismiss petition for writ of habeas corpus for lack of jurisdiction and as time-barred, filed May 10, 2023 (Dkt. # 6) is **granted**.

**IT IS FURTHER ORDERED** that petitioner's petition under 28 U.S.C. § 2254 for writ of habeas corpus by a person in state custody, filed April 7, 2023 (Dkt. # 1) is **dismissed** without prejudice for lack of jurisdiction, and a certificate of appealability is **denied**.

**IT IS FURTHER ORDERED** that petitioner's motion to expedite 2254/petition for writ of error coram nobis, filed November 13, 2023 (Dkt. # 12) is **dismissed as moot**.

**IT IS FURTHER ORDERED** that a separate judgment shall be entered in this matter.

**DATED** this 15th day of November, 2023.

CLAIRE V. EAGAN
UNITED STATES DISTRICT JUDGE